SCHROEDER, Circuit Judge,
dissenting in part:
I agree that the ANILCA provision and the lack of administrative penalties in Alaska law do not undermine the grant of NPDES authority from the EPA to the State of Alaska, but I strongly disagree with the majority’s conclusion that Alaska’s “loser pays” attorney’s fee system will not adversely affect the public’s ability to bring state court challenges to permitting decisions.
Federal law on attorneys fees in public interest cases provides a dual standard that does not require a plaintiff to pay the fees of a defendant unless the plaintiffs action was frivolous. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). As the Majority notes, “[w]e have interpreted section 509 [of the CWA] to require the Christiansburg ‘dual standard.’ ” Majority Op. at 1166-67 (citing Saint John’s Organic Farm v. Gem County Mosquito Abatement Dist., 574 F.3d 1054, 1063-64, n. 1 (9th Cir.2009)). This rule is intended to encourage access to the courts. Id. at 1062 (citing Neuman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968)).
The CWA itself mandates that [p]ublic participation in the development, revision, and enforcement of any regulation ... established by the Administrator or any State ... shall be provided for, encouraged, and assisted by the Administrator and the States. The Administrator, in cooperation with the States, shall develop and publish regulations specifying minimum guidelines for public participation in such processes.
33 U.S.C. § 1251(e). The relevant regulation is clear that state law can not materially limit the public’s ability to challenge permitting decisions:
All States that administer or seek to administer a program under this part shall provide an opportunity for judicial review in State Court of the final approval or denial of permits by the State that is sufficient to provide for, encourage, and assist public participation in the permitting process. A State will meet this standard if State law allows an opportunity for judicial review that is the same as that available to obtain judicial review in federal court of a federally-issued NPDES permit (see § 509 of the *1175 Clean Water Act). A State will not meet this standard if it narrowly restricts the class of persons who may challenge the approval or denial of permits (for example, if only the permittee can obtain judicial review, if persons must demonstrate injury to a pecuniary interest in order to obtain judicial review, or if persons must have a property interest in close proximity to a discharge or surface waters in order to obtain judicial review).
40 C.F.R. § 123.30. Thus if the state law is the same as the federal standard it passes muster. If it expressly defines only a narrow class of plaintiffs with standing, it does not.
Alaska law effectively offers access to the state court only to those members of the public or public interest groups who are able and willing to risk the substantial financial burden of paying attorneys fees. In my view, this does not meet the regulatory standard and hence the delegation was arbitrary and capricious and not in accordance with the applicable law.
It is not enough for the state to “pledge” that is will not seek fees against losing plaintiffs. Majority Op. at 1170-71. As the majority opinion itself recognizes, the state cannot speak for the myriad private interests who participate in environmental litigation of this nature. Id. at 1170-71. Nor is it enough that an Alaskan state court may “on a case-by-case basis” protect a losing challenger from fees. State v. Native Vill. of Nunapitchuk, 156 P.3d 389, 406 (Alaska 2007). The Alaska legislature has in fact repudiated the Alaska common law that recognized a public interest exception to the “loser pays” rule. See Alaska Stat. § 09.60.010(b); eh. 86, § 2, SLA 2003.
I fully recognize that the EPA can, and will, monitor the aftermath of its grant of vast authority to the limited resources of the state of Alaska. Compare Alaska’s Office of Mgmt & Budget, State of Alaska: FY2010 Governor’s Operating Budget, 4 (2008), http://www.gov.state.ak.us/omb/ 10_omb/budget/-DEC/deptl8.pdf (Alaska’s Department of Environmental Conservation’s total FY2010 Budget of $74.1 Million) with Environmental Protection Agency, FY2010 EPA Budget in Brief, 6 (2009) (EPA’s total FY2010 Budget of $10,486 Million). Yet the environmental demands facing this nation at the present time are staggering and federal resources too are strained. For a state the size of Alaska, whose name “comes from an Aleut word, Alashka, meaning ‘great land,’ ” Peter A. Dratch & Terry D. DeBruyn, Alaska: A Great Land for Wildlife, Endangered Species Bulletin, Jan.-Feb.2002, at 12, these pressures are felt on a colossal scale:
With an area of 570,374 square miles (1,477,262 sq. km), Alaska is by far the largest state in the United States, about 2.3 times the size of Texas and one-fifth the size of the contiguous United States ... Alaska boasts approximately 33,000 miles (53,108 km) of shoreline, more than all of the contiguous United States ... Freshwater, in both liquid and frozen form, is abundant in Alaska, which has more than 3 million lakes, 12,000 rivers, innumerable streams, creeks, and ponds, as well as thousands of square miles of glaciated area.
Martha Shulski & Gerd Wendler, The Climate of Alaska 3-8 (2007). Robust public participation, as mandated by Congress, is necessary to protect Alaska’s vast ecosystem, including its shores and waterways. Because Alaska’s proposed program to administer the NPDES permitting system fails to satisfy Congress’s explicit public participation mandate, I respectfully dissent.